IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kyle Eric Thompson, # 200502497, ) | |
| ) | |
| Plaintiff, ) | C/A No. 3:05-1684-CMC-JRM |
| ) | |
| v. ) | OPINION AND ORDER |
| ) | |
| Robert Daly - Director; and ) | |
| Ms. Roundtree - Head Nurse, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment. Plaintiff was advised by court order of the summary judgment procedure and the possibility of dismissal of the case if no response was filed. When no response was filed by Plaintiff, a second order was issued by the court granting Plaintiff additional time in which to advise the court whether he wished to continue to prosecute this action and that, if he failed to respond, this action would be dismissed for failure to prosecute. Plaintiff failed to file a response.[1]

In accordance with this court's order of reference, 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation.

This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a

---

[1] Plaintiff Thompson failed to advise the court of his current mailing address as directed by court order issued July 5, 2005. Therefore, both orders were returned to the Clerk's Office by the U. S. Postal Service with the envelope marked "undeliverable."

*de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Based on his review of the record, the Magistrate Judge has recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has filed no objections and the time for doing so has expired.[2]

After reviewing the Complaint, the motion, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

**IT IS HEREBY ORDERED** that this action is DISMISSED for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

                                                         s/ Cameron McGowan Currie
                                                         CAMERON MCGOWAN CURRIE
                                                         UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 16, 2006

C:\Documents and Settings\guest\Desktop\05-1684x Thompson v. Daly -dmb- dism for failure to prosecute - Rule 41b.wpd

---

[2] The envelope in which a copy of the Report and Recommendation was mailed was returned to the Clerk's Office by the U. S. Postal Service marked "NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." Handwritten on the envelope were the words "NOT HERE."